UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MATTHEW ALPER,

                Plaintiff,

     v.

DEAN HAMER and RANDOM HOUSE, INC.,

                Defendants.
------------------------------------------------------------ x

07 Civ. 2934 (PKC)

**ANSWER TO THE SECOND AMENDED COMPLAINT**

     Defendants Dean Hamer ("Hamer") and Random House, Inc. ("Random House") (together "Defendants"), by their undersigned attorneys Davis Wright Tremaine LLP, as and for their Answer to the Second Amended Complaint ("Second Amended Complaint") of plaintiff Matthew Alper ("Alper" or "Plaintiff"), allege as follows:

     1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Second Amended Complaint.

     2.     Defendants admit the allegations in paragraph 2 of the Second Amended Complaint.

     3.     Defendants admit the allegations in paragraph 3 of the Second Amended Complaint.

     4.     To the extent the allegations in paragraph 4 of the Second Amended Complaint are allegations of law, Defendants are not required to plead thereto; to the extent the allegations in paragraph 4 of the Second Amended Complaint are deemed allegations of fact, Defendants deny each and every allegation therein.

     5.     To the extent the allegations in paragraph 5 of the Second Amended Complaint are allegations of law, Defendants are not required to plead thereto; to the extent the allegations

in paragraph 5 of the Second Amended Complaint are deemed allegations of fact, Defendants deny each and every allegation therein, except that Defendants admit that Random House engages in activity in the State of New York and transacts business in the State of New York.

6. Defendants admit the allegations in paragraph 6 of the Second Amended Complaint.

7. Defendants deny each and every allegation in paragraph 7 of the Second Amended Complaint.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Second Amended Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Second Amended Complaint, except that Defendants admit Plaintiff published a book entitled *The "God" Part of the Brain* marked "Copyright 1998."

10. Defendants deny each and every allegation in paragraph 10 of the Second Amended Complaint.

11. Defendants deny the allegations set forth in the first sentence of paragraph 11 of the Second Amended Complaint, but admit that on page 81 of the First Edition of *The "God" Part of the Brain* Alper wrote, "[t]he fact that we process such a cross-cultural tendency to perceive reality with such a spiritual bent to it would suggest that we are physiologically **hard-wired** to perceive reality this way." (bold added).[1] Defendants admit the allegations in second

---

[1] Throughout this Answer, Defendants print in bold type words that are printed in bold type in the Second Amended Complaint. Defendants use italics to signify instances in which the Second Amended Complaint misquotes the books at issue.

2

sentence of paragraph 11 of the Second Amended Complaint and respectfully refer the Court to the entire book for a more complete understanding of Alper's theories in context.

12. Defendants deny each and every allegation in paragraph 12 of the Second Amended Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Second Amended Complaint, except that Defendants deny that Alper is an expert in the field of Neurotheology.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Second Amended Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Second Amended Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Second Amended Complaint.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Second Amended Complaint.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Second Amended Complaint.

19. Defendants admit the allegations in paragraph 19 of the Second Amended Complaint.

20. Defendants admit the allegations in paragraph 20 of the Second Amended Complaint.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Second Amended Complaint.

NYC 188158v2 3910039-000175

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Second Amended Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Second Amended Complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Second Amended Complaint, except that Defendants admit that a hardcover version of *The "God" Part of the Brain* was published in August 2006 by Sourcebooks Inc.

25. Defendants admit the allegations in paragraph 25 of the Second Amended Complaint, except state that Hamer is Chief of the Section on Gene Structure and Regulation in the Laboratory of Biochemistry at the National Institutes of Health.

26. Defendants admit the allegations in paragraph 26 of the Second Amended Complaint.

27. Defendants deny each and every allegation in paragraph 27 of the Second Amended Complaint, except that Defendants admit that in or about late June or early July 2000, Hamer purchased and received a copy of the 2000 edition of *The "God" Part of the Brain*.

28. Defendants admit the allegations in paragraph 28 of the Second Amended Complaint.

29. Defendants deny each and every allegation in paragraph 29 of the Second Amended Complaint.

30. Defendants deny each and every allegation in paragraph 30 of the Second Amended Complaint, except that Defendants admit that on or about July 5, 2000, plaintiff

NYC 188158v2 3910039-000175

emailed Hamer to offer him a copy of *The "God" Part of the Brain*, and respectfully refer the Court to that email for its full contents.

31.  Defendants admit the allegations in paragraph 31 of the Second Amended Complaint and respectfully refer the Court to that email for its full contents.

32.  Defendants deny each and every allegation in paragraph 32 of the Second Amended Complaint, except that Defendants admit that Hamer had previously written extensively about the influence of genes on behavior in numerous publications, including *The Science of Desire* and *Living With Our Genes*.

33.  Defendants deny each and every allegation in paragraph 33 of the Second Amended Complaint.

34.  Defendants admit the allegations in paragraph 34 of the Second Amended Complaint.

35.  Defendants deny each and every allegation in paragraph 35 of the Second Amended Complaint.

36.  Defendants deny each and every allegation in paragraph 36 of the Second Amended Complaint.

37.  Defendants deny each and every allegation in paragraph 37 of the Second Amended

38.  Defendants deny each and every allegation in paragraph 38 of the Second Amended Complaint, except that Defendants admit that the quoted language appears in a footnote on page 132 of the Fifth Edition of *The "God" Part of the Brain*.

39.  Defendants deny each and every allegation in paragraph 39 of the Second Amended Complaint, except that Defendants admit that the quoted language appears in a

NYC 188158v2 3910039-000175

footnote on page 77 of the Fifth Edition of *The "God" Part of the Brain* and on page 10 of *The God Gene*.

40. Defendants deny each and every allegation in paragraph 40 of the Second Amended Complaint.

41. Defendants deny each and every allegation in paragraph 41 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 169 of the Fourth Edition, and on page 209 of *The God Gene*.

42. Defendants deny each and every allegation in paragraph 42 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 113 of the Fifth Edition of *The "God" Part of the Brain* and that some of the quoted language appears on page 133 of *The God Gene*.

43. Defendants deny each and every allegation in paragraph 43 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 154 of the Fifth Edition of *The "God" Part of the Brain* and on page 130 of *The God Gene*.

44. Defendants deny each and every allegation in paragraph 44 of the Second Amended Complaint, except that Defendants admit that in *The "God" Part of the Brain* Alper discusses other behaviors that are a consequence of genes and biology to demonstrate the biological basis of spirituality, that Alper discusses musical aphasia, and that the quoted language appears on page 63 of the First Edition and on page 131 of *The God Gene*, except that a final sentence is omitted from page 131 of *The God Gene* which should read: "*Nevertheless, she reported that music still made her feel happy.*" (italics added).

45. Defendants deny each and every allegation in paragraph 45 of the Second Amended Complain

NYC 188158v2 3910039-000175

46. Defendants deny each and every allegation in paragraph 46 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 167 of the First Edition of *The "God" Part of the Brain* and on page 215 of *The God Gene*.

47. Defendants deny each and every allegation in paragraph 47 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 81 of the Fifth Edition of *The "God" Part of the Brain* and on page 6 of *The God Gene*.

48. Defendants deny each and every allegation in paragraph 48 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 14 of the First Edition of *The "God" Part of the Brain* and on page 92 of *The God Gene*.

49. Defendants deny each and every allegation in paragraph 49 of the Second Amended Complaint, except that Defendants admit that the quoted language appears in a footnote on page 77 of the Fifth Edition of *The "God" Part of the Brain* and on page 10 of *The God Gene*.

50. Defendants deny each and every allegation in paragraph 50 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 110 of the Fourth Edition of *The "God" Part of the Brain* and on page 131 of *The God Gene*.

51. Defendants deny each and every allegation in paragraph 51 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on pages 42 and 13 of the Fifth Edition of *The "God" Part of the Brain* and on pages 90 and 91 of *The God Gene*.

52. Defendants deny each and every allegation in paragraph 52 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page

NYC 188158v2 3910039-000175

169 of the Fourth Edition of *The "God" Part of the Brain* and on pages 209-10 of *The God Gene*.

53.     Defendants deny each and every allegation in paragraph 53 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on the back jacket of the First and Fifth Editions of *The "God" Part of the Brain* and on page 4 of *The God Gene*.

54.     Defendants deny each and every allegation in paragraph 54 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 92 of the First Edition of *The "God" Part of the Brain* and on page 163 of *The God Gene*.

55.     Defendants deny each and every allegation in paragraph 55 of the Second Amended Complaint.

56.     Defendants deny each and every allegation in paragraph 56 of the Second Amended Complaint, except that Defendants admit that Book Two, Chapter One of the First and Fifth Editions of *The "God" Part of the Brain* are entitled **The "Spiritual" Function**, and Chapter One of *The God Gene* is entitled **Spiritual Instinct.** (bold added).

57.     Defendants deny each and every allegation in paragraph 57 of the Second Amended Complaint, except that Defendants admit that a sub-chapter of Book Two, Chapter One of the First Edition of *The "God" Part of the Brain* is entitled ***Universal Spiritual Practices and Beliefs***, a sub-chapter of Book Two, Chapter One of the Fifth Edition of *The "God" Part of the Brain* is entitled **Universal Spiritual Beliefs and Practices**, and that a sub-chapter of Chapter One of *The God Gene* is entitled **A Human Universal.** (italics and bold added).

NYC 188158v2 3910039-000175

58. Defendants deny each and every allegation in paragraph 58 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 78 of the First Edition of *The "God" Part of the Brain* and that Chapter Three of *The God Gene* is entitled **An Inherited Predisposition.** (bold added).

59. Defendants deny each and every allegation in paragraph 59 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 110 of the First Edition of *The "God" Part of the Brain* and that a sub-chapter of Chapter Seven of *The God Gene* is entitled **This is Your Brain on Zazen.** (bold added).

60. Defendants deny each and every allegation in paragraph 60 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 110 of the Fourth Edition of *The "God" Part of the Brain* and that a sub-chapter of *The God Gene* is entitled **The Minnesota Experiment**, except that the language from *The "God" Part of the Brain* omits the footnote reference (*52*) which follows the passage and identifies it as a quotation from an article by Dr. Raj Persaud in *The New York Times*, May 8-9, 1999. (bold added).

61. Defendants deny each and every allegation in paragraph 61 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 110 of the Fourth Edition of *The "God" Part of the Brain* and that a sub-chapter of *The God Gene* at page 135 is entitled **The God Spot** and that both works discuss the research of Michael Persinger. (bold added).

62. Defendants deny each and every allegation in paragraph 62 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page

NYC 188158v2 3910039-000175

132 of the First Edition of *The "God" Part of the Brain* and that a sub-chapter of *The God Gene* is entitled **Faith Healing.** (bold added).

63. Defendants deny each and every allegation in paragraph 63 of the Second Amended Complaint, except that Defendants admit that the quoted language appears in a footnote on page 77 of the Fifth Edition of *The "God" Part of the Brain* and that a sub-chapter of *The God Gene* is entitled **The Difference Between Spirituality and Religiousness** and appears on page 50, not page 10 as alleged. (bold added).

64. Defendants deny each and every allegation in paragraph 64 of the Second Amended Complaint.

65. Defendants deny each and every allegation in paragraph 65 of the Second Amended Complaint, except that Defendants admit that the quoted language appears on page 66 of the Fifth Edition of *The "God" Part of the Brain* and on page 141 of *The God Gene*, except that the language from the Fifth Edition of *The "God" Part of the Brain* omits the footnote reference (*14*) which follows the quotation.

66. Defendants deny each and every allegation in paragraph 66 of the Second Amended Complaint.

67. Defendants repeat their responses to paragraphs 1-66 of the Second Amended Complaint.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Second Amended Complaint.

69. Defendants admit that *The "God" Part of The Brain* is a literary work which contains some expression which is original and a proper subject of copyright, but contend that Hamer has not infringed upon any copyrightable expression in *The "God" Part of the Brain*.

70. Defendants deny each and every allegation in paragraph 70 of the Second Amended Complaint except that Defendants admit that in or about late June or early July, 2000 Hamer purchased a copy of the 2000 Edition of *The "God" Part of the Brain*, that Hamer skimmed or read portions of the 2000 Edition of *The "God" Part of the Brain*, and that Random House, Inc. published, distributed, sold, and promoted a book by Hamer entitled *The God Gene*.

71. To the extent the allegations in paragraph 71 of the Second Amended Complaint are allegations of law, Defendants are not required to plead thereto; to the extent the allegations in paragraph 70 of the Second Amended Complaint are deemed allegations of fact, Defendants deny the allegations therein.

72. To the extent the allegations in paragraph 72 of the Second Amended Complaint are allegations of law, Defendants are not required to plead thereto; to the extent the allegations in paragraph 71 of the Second Amended Complaint are deemed allegations of fact, Defendants deny the allegations therein.

73. To the extent the allegations in paragraph 73 of the Second Amended Complaint are allegations of law, Defendants are not required to plead thereto; to the extent the allegations in paragraph 72 of the Second Amended Complaint are deemed allegations of fact, Defendants deny the allegations therein.

74. Defendants repeat their responses to paragraphs 1-73 of the Second Amended Complaint.

75. To the extent the allegations in paragraph 75 of the Second Amended Complaint are allegations of law, Defendants are not required to plead thereto; to the extent the allegations in paragraph 74 are deemed allegations of fact, Defendants deny the allegations therein.

NYC 188158v2 3910039-000175

76. To the extent the allegations in paragraph 76 of the Second Amended Complaint are allegations of law, Defendants are not required to plead thereto; to the extent the allegations in paragraph 75 of the Second Amended Complaint are deemed allegations of fact, Defendants deny the allegations therein.

77. To the extent the allegations in paragraph 77 of the Second Amended Complaint are allegations of law, Defendants are not required to plead thereto; to the extent the allegations in paragraph 76 of the Second Amended Complaint are deemed allegations of fact, Defendants deny the allegations therein.

## INTRODUCTION TO AFFIRMATIVE DEFENSES

78. Under the law, it is Plaintiff's burden to prove many of the issues raised in the affirmative defenses set forth below. It is Defendants' intent to preserve, and not to waive, its legal position that Plaintiff maintains the burden of proof on these issues.

## FIRST AFFIRMATIVE DEFENSE

79. The Second Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

80. The Second Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

81. Defendants' allegedly infringing works are not substantially similar to any protectible elements of any editions of *The "God" Part of the Brain*.

## FOURTH AFFIRMATIVE DEFENSE

82. Any similarity between Plaintiff's alleged works on the one hand and Defendants' allegedly infringing works on the other consists solely of material that is not original to the

Plaintiff, and/or consists solely of facts, ideas, unprotectible stock elements, scenes a faire, or common phrases and is therefore not actionable.

### FIFTH AFFIRMATIVE DEFENSE

83. Defendants' works and each of them were the product of independent creation.

### SIXTH AFFIRMATIVE DEFENSE

84. Defendants did not have access to some or all of the editions of *The "God" Part of the Brain*.

### SEVENTH AFFIRMATIVE DEFENSE

85. Defendants' actions were not willful.

### EIGHTH AFFIRMATIVE DEFENSE

86. Any use by Defendants of protectible material from *The "God" Part of the Brain*, which such use is explicitly denied, is *de minimis* and therefore non-actionable.

### NINTH AFFIRMATIVE DEFENSE

87. Defendants' use of Plaintiff's alleged works is a fair use and therefore non-actionable.

### TENTH AFFIRMATIVE DEFENSE

88. Upon information and belief, Plaintiff does not hold a valid copyright in *The "God" Part of the Brain*, and/or in some of the editions of *The "God" Part of the Brain*.

### ELEVENTH AFFIRMATIVE DEFENSE

89. Plaintiff's claims are barred by the merger doctrine under copyright law.

### TWELFTH AFFIRMATIVE DEFENSE

90. The Court lacks jurisdiction over Plaintiff's claims because Plaintiff failed to obtain a valid copyright registration for each edition of Plaintiff's work cited in the Amended Complaint prior to instituting the action.

### THIRTEENTH AFFIRMATIVE DEFENSE

91. Pursuant to 17 U.S.C. § 412, Plaintiff is precluded from recovering statutory damages or attorney's fees in connection with any claims based on editions of *The "God" Part of the Brain* where the alleged infringement of copyright commenced after first publication of such work and before the effective date of its registration.

### FOURTEENTH AFFIRMATIVE DEFENSE

92. Plaintiff has not suffered any actual damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

93. Defendants have not reaped any profits attributable to any infringement(s).

### SIXTEENTH AFFIRMATIVE DEFENSE

94. Plaintiff is not entitled to attorneys' fees and/or statutory damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

95. Plaintiff's claim for "False Designation of Origin" fails to state a claim since *The God Gene* properly identifies that it is produced by Doubleday or Anchor Books.

### EIGHTEENTH AFFIRMATIVE DEFENSE

96. Plaintiff's claim for "False Designation of Origin" is barred by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

### NINETEENTH AFFIRMATIVE DEFENSE

97. Plaintiff's claim for "False Designation of Origin" is preempted by the Copyright Act.

### TWENTIETH AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred by the equitable doctrines of acquiescence, waiver, estoppel and laches.

NYC 188158v2 3910039-000175

WHEREFORE, Defendants Dean Hamer and Random House, Inc. respectfully request that this Court:

(1) Enter judgment in favor of Defendants on the Second Amended Complaint, dismissing the Second Amended Complaint with prejudice;

(2) Award Defendants prevailing party attorney's fees under 17 U.S.C. § 505;

(3) Award Defendants their costs and disbursements in this action; and

(4) Afford Defendants such other and further relief as this Court may deem just and proper.

Date:   New York, New York
        September 28, 2007

DAVIS WRIGHT TREMAINE LLP

By: _____
Linda Steinman (LS 5906)
Elizabeth A. McNamara (EM 1987)
Christopher J. Robinson (CR 9165)
1633 Broadway
New York, NY 10019 (212) 489-8230

*Counsel for Defendants*
*Dean Hamer and Random House, Inc.*

TO:   Michael A. Cornman, Esq.
      SCHWEITZER CORNMAN GROSS
        & BONDELL LLP
      292 Madison Avenue, 19th Floor
      New York, NY 10017

      *Counsel for Plaintiff*

NYC 188158v2 3910039-000175